# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY JOHNS,<br><br>         Plaintiff,<br><br>v.<br><br>D. HJERPE, Chief Medical Doctor; J. ZAMORA, Registered Nurse,<br><br>         Defendants. | Case No.: 14cv02995-MMA (KSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN THE TIME FOR FILING AN APPEAL** |

  Plaintiff Gerry Johns, a state prisoner proceeding *pro se*, commenced this civil rights action under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right to adequate medical care while incarcerated at Calipatria State Prison in Calipatria, California. *See* Doc. No. 17. On March 1, 2017, the Court granted summary judgment in favor of Defendant J. Zamora, and the Clerk of Court entered judgment accordingly. *See* Doc. Nos. 44, 45. Plaintiff has filed a notice of appeal outside of the time period in which to appeal the judgment entered in this case. *See* Doc. No. 49. The United States Court of Appeals for the Ninth Circuit has construed Plaintiff's notice of appeal as including a timely motion to reopen the time for filing an appeal from the Court's Order and Judgment, and has remanded the appeal to this Court for the limited purpose of allowing the Court to rule on Plaintiff's motion. *See* Doc. No. 52. For the reasons set forth below, the Court **GRANTS** the motion.

# DISCUSSION

Federal Rule of Appellate Procedure 4 governs the filing of appeals in civil cases. A notice of appeal generally must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "The 30–day time limit of Rule 4(a) is mandatory and jurisdictional." *Hays v. Hamlet*, 587 F. App'x 430 (9th Cir. 2014) (quoting *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir. 1981)). However, Rule 4(a) permits the district court to reopen the time to file an appeal under limited circumstances. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). A district court may not consider the "underlying merits" of the appeal "when presented with a Rule 4(a)(6) motion." *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1070 (9th Cir. 2003).

Plaintiff must satisfy the three requirements set forth in subsections 4(a)(6)(A)–(C). *See* Fed. R. App. P. 4(a)(6). Plaintiff states in the notice of appeal that he was not served with a copy of the Court's March 1 Judgment until April 17, 2017. The Court is unable to confirm from the docket of the case whether the March 1 Order and Judgment

were mailed to or received by Plaintiff.[1]  Moreover, the Court notes that approximately two weeks after the entry of judgment, Plaintiff submitted a notice that his address had changed.  *See* Doc. No. 46.  Thus, it appears that during the period of time in which Plaintiff should have received the Court's Order and Judgment via U.S. mail, the California Department of Corrections was in the process of transferring Plaintiff from Calipatria State Prison to Ironwood State Prison in Blythe, California.  Assuming Plaintiff did not receive notice of the Court's March 1 Order and Judgment until April 17, 2017, based on his statement to that effect and the possibility that the delivery of his mail was delayed due to his transfer, then his motion to reopen the time to file an appeal is timely because the notice of appeal is dated April 26, 2017.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prison mailbox rule).

With respect to the third requirement, "prejudice" for the purposes of Rule 4(a)(6) has been defined as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."  Fed. R. App. P. 4 Advisory Committee's Note (1991 Amendment); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995).  Here, it would seem that Defendants' potential prejudice primarily consists of the normal risks and costs of opposing an appeal.  And, as noted above, the Court cannot consider the merits of the underlying appeal when making its determination under Rule 4(a)(6)(C).  *Arai*, 316 F.3d at 1070.  Accordingly, the Court finds that Plaintiff has satisfied the requirements of Rule 4(a)(6) and reopens the time for Plaintiff to file a timely appeal.  Pursuant to the Ninth Circuit's May 18 Order, Plaintiff "does not need to file a new notice of appeal."

///

---

[1] "A party who is not a registered participant of CM/ECF is entitled to service of a paper copy of any electronically filed document."  CASD ECF Policies and Procedures.  The Notices of Electronic Filing associated with the Court's March 1 Order and Judgment note that "all non-registered users were mailed a copy of this order."  However, the Notices of Electronic Filing do not serve as a confirmation of mailing or receipt.

## Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's motion. The Clerk of Court is instructed to serve a copy of this Order on the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED**.

DATE: May 19, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge